**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TARIQ A. WYATT,**

                          **Plaintiff,**

                                                        **9:10-CV-0099**
   **vs.**                                                       **(NAM/RFT)**

**SMITH, et. al.,**

                          **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

Tariq A. Wyatt
CIS Sober House
66 Clay Street, Room 331
Brooklyn, New York 11222
*Plaintiff Pro Se*

Eric T. Schneiderman
Office of Attorney General                    Michael G. McCartin, Esq.
The Capitol
Albany, New York 12224
*Attorney for Defendants*

**Norman A. Mordue, Chief U. S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

In this *pro se* action under 42 U.S.C. § 1983, plaintiff claims that defendants were deliberately indifferent to his serious medical needs and violated his rights under the Eighth Amendment. Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 37 and 41(b). (Dkt. No. 49).

### BACKGROUND AND PROCEDURAL HISTORY

On January 27, 2010, plaintiff commenced this action, (Dkt. No. 1) and on February 9,

2010, plaintiff filed a motion to proceed *in forma pauperis*.[1] (Dkt. No. 4). On March 26, 2010, plaintiff filed a Notice of Change of Address indicating his new address at Coxsackie Correctional Facility. (Dkt. No. 7). On June 24, 2010, the Court issued an Order granting plaintiff permission to proceed *in forma pauperis* and further, advised plaintiff of his obligation under the Court's Local Rules:

> **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so will result in dismissal of this action.**

*See* Dkt. No. 10, p. 3.

On September 22, 2010, plaintiff filed another Change of Address indicating his new address at CIS Sober House 1, 171 Linden Blvd., Brooklyn, New York. (Dkt. No. 30). On November 16, 2010, plaintiff telephoned the Clerk's Office and advised that he moved to CIS Sober House, Room 331, 66 Clay Street, Brooklyn, New York, 11222. Plaintiff further advised that he would mail a change of address, "when he ha[d] the funds to do so".

On December 28, 2010, Magistrate Judge Randolph F. Treece issued an Amended Mandatory Pretrial Discovery and Scheduling Order.[2] (Dkt. No. 46). The Order provided:

> The failure of the Plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37.

*See* Amended Mandatory Pretrial Discovery and Scheduling Order, at p. 4.

---

[1] Plaintiff's previous application to proceed *in forma pauperis* was denied. (Dkt. No. 2). The Court directed plaintiff to either pay the filing fee or submit a proper application and a signed inmate authorization form, within thirty (30) days of the date of the Order. (Dkt. No. 3).

[2] A Mandatory Pretrial Discovery and Scheduling Order was issued on December 22, 2010 (Dkt. No. 41) and mailed, via regular mail, to plaintiff at CIS Sober House, 66 Clay Street, Room 331 in Brooklyn. The Amended Order is distinct from the prior Order as it provided new dates for discovery and motions. However, the record does not indicate why the Amended Order was issued or whether plaintiff received the December 22, 2010 Order.

The Order was mailed, via regular mail, to plaintiff at the CIS Sober House, 66 Clay Street, Room 331 in Brooklyn, New York. On January 12, 2011, the Order was returned to the Court marked "undeliverable". (Dkt. No. 47). On February 15, 2011, defendants filed the within motion. (Dkt. No. 49). On February 17, 2011, the Court issued a Text Notice of Hearing regarding the motion. A copy of the Text Notice was served upon plaintiff, via certified mail/return receipt, at CIS Sober House 66 Clay Street, Room 331, Brooklyn, New York.

On January 13, 2011, defendants' counsel mailed a Notice of Deposition to plaintiff at CIS Sober House, 66 Clay Street in Brooklyn, New York. The Notice was returned marked "Attempted - Not Known and Unable to Forward". Defense counsel also asserts that mandatory disclosures were mailed to the same address and returned undeliverable.

On March 2, 2011, the Court's mailing with the February 2011 Text Notice was returned as "undeliverable". (Dkt. No. 51).

## DISCUSSION

**I.    Rule 41(b)**

Dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations". *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). *Pro se* plaintiffs should be "granted special leniency regarding procedural matters" and dismissal is only appropriate when the circumstances are "sufficiently extreme". *Barclay v. N.Y.*, 124 F. App'x 43, 44-45 (2d Cir. 2005) (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1988)). When considering dismissal pursuant to Fed. R. Civ. P. 41(b) for failure to comply, the Court must look to five factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3]

3

> whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (internal quotations and citations omitted). Moreover, Local Rule 41.2(a) provides:

> In the absence of an order by the assigned judge or magistrate judge setting any date for any pretrial proceeding or for trial, the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution

.
N.D.N.Y.L.R. 41.2(a).

On November 16, 2010, plaintiff verbally advised the Court that his address had changed and acknowledged that he had a duty to inform the Court of this change, in writing. Even though plaintiff failed to file the proper Change of Address form, defendants and the Court acknowledged the change of address and sent correspondence to CIS Sober House, 66 Clay Street, Brooklyn, New York. However, since November 2010, all mailings to plaintiff have been returned as "undeliverable". It has been five months since plaintiff communicated with the Court. Moreover, plaintiff's failure to keep the Court advised of his current address is evidence that plaintiff has abandoned the litigation. While not conclusive, this factor weighs in favor of dismissal. Moreover, plaintiff is undoubtedly aware of his obligation to inform the Court of any change of address as he previously filed two Change of Address forms and telephoned the Court to advise of a third change of address. As plaintiff had the requisite notice, this factor weighs in favor of dismissal. As to the third factor and prejudice to defendants, the Court notes that this matter has been pending for fifteen months. With the passage of time, it is possible that witness' memories will fade, witnesses will not be located or transferred to other facilities and relevant documents

4

will be discarded. *See Edwards v. Selsky*, 2007 WL 748442, at *4 (N.D.N.Y. 2007). This factor supports dismissal.

With respect to the fourth factor, the Court has the duty to alleviate congestion on the docket and resolve matters expeditiously. This need outweighs plaintiff's right to further opportunities to be heard. *See Thompson v. LaClair*, 2010 WL 2671509, at *3 (N.D.N.Y. 2010). Moreover, the guideline for completion of cases in this district is eighteen months. *See* N.D.N.Y. Gen. Order 25; *see also Rodriguez v. Gil*, 2009 WL 174931, at *5 (N.D.N.Y. 2009). While this action has not been pending longer than the guideline range for completion, given plaintiff's non-compliance, it is unreasonable for the Court to postpone resolving this motion for three months while waiting for plaintiff to contact the Court and/or opposing counsel. *See Crawley v. Helas*, 2010 WL 2545159, at *3 (N.D.N.Y. 2010). Finally, the imposition of lesser sanctions is not a viable option. Plaintiff has not contacted the Court in five months and the Court is unaware of plaintiff's whereabouts. At this juncture, the Court and defendants are unable to communicate with plaintiff. There is no meaningful way to compel plaintiff to prosecute this matter or to ensure that he will participate in discovery. Accordingly, the fourth and fifth factors also weigh in favor of dismissal.

Upon consideration of the five factors and plaintiff's failure to fulfill his obligations, the Court is left with no alternative but to dismiss the action. Accordingly, defendants' motion to dismiss plaintiff's complaint pursuant to Rule 41(b) is granted. In light of plaintiff's *pro se* status, dismissal of the action will be without prejudice.

**III.     Rule 37**

In the alternative, defendants argue for dismissal pursuant to Fed. R. Civ. P. 37 due to

5

plaintiff's failure to appear for his deposition. Rule 37 authorizes the Court to dismiss an action when a party fails to appear for a deposition or fails to comply with a court order.[3] The Amended Mandatory Pretrial Discovery and Scheduling Order warned plaintiff of the consequences of failing to appear for and participate in his deposition. However, the Court cannot assume that plaintiff received this warning as the Amended Order was returned "undeliverable". The Court has searched the record and does not find any clear evidence that defendant was aware of the consequences of failing to appear for a deposition. Therefore, while dismissal is appropriate pursuant to Rule 41(b), the Court cannot impose this sanction under Rule 37.

## CONCLUSION

**It is therefore**

**ORDERED** that defendants' motion to dismiss (Dkt. No. 49) pursuant to Rule 41(b) is **GRANTED** and the complaint is dismissed without prejudice; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Order upon plaintiff by

---

[3] Rule 37 provides, in pertinent part:

> b) Failure to Comply with a Court Order.
> (2) Sanctions in the District Where the Action Is Pending.
> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> (v) dismissing the action or proceeding in whole or in part;
> \*   \*   \*
> d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.
> (1) In General.
> (A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
> (I) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition.

Federal Rules of Civil Procedure Rule 37(b)(2)(A)(v); (d)(1)(A)(I).

6

regular mail; and it is further

> **ORDERED** that the Clerk of the Court is directed to close this case.
>
> **IT IS SO ORDERED.**
>
> Date:   April 13, 2011
>
> _____
> Norman A. Mordue
> Chief United States District Court Judge